In the Matter of the Claim of NATHAN SCHWARTZ, Respondent, against THE JACOBS BROS. CO., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board for the per-

manent loss of twelve and one-half per cent of the use of the right leg. Claimant sustained a permanent injury to his right knee on April 8, 1931, the employer then having knowledge of the accident. He did not file claim for compensation until May 7, 1934, apparently for the reason that the injury was not at first regarded as serious. In behalf of the employer it was testified that the claimant did not in 1931 lose any time "except half days here and there." "He was out several half days at a time for which he received regular pay." This was when the accident first occurred, "when he had to go to the doctor for treatments in the afternoon." Later and in May, 1934, the injury became troublesome and he went to a hospital and was operated upon. The Board has found that although written notice of injury was not filed within the time prescribed by section 28 of the Workmen's Compensation Law, the bar of the statute has been waived by the employer and carrier since the employer made advance payments to the claimant from the date of the accident to the date of filing the claim. Section 25 of the Workmen's Compensation Law provides for advance payments of compensation and requires such payments to be made whether or not an award has been made unless the claim is to be controverted. The appellants assert that there was no advance payment in this case within the meaning of the law, nor any such payments which waived the provisions of section 28. The payment of full wages to claimant in 1931 at the time he sustained his injury covering the period of time when he was then absent from work is deemed an advance payment sufficient to authorize the Board to entertain the claim and to make the award. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim.