In the Matter of the Claim of NORMAN GALLAHAN, Respondent, against PAPEC MACHINE COMPANY and SPECIAL FUND FOR REOPENED CASES under Section 25-a, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases from an award in favor of claimant for fifteen weeks' disability compensation made by the State Industrial Board under the Workmen's Compensation Law. The claimant was injured on March 16, 1929, and temporarily totally disabled for about a week, but thereafter was able to return to his regular work, which he continued to perform until the latter part of the year 1939 when he had to quit work and subsequently became totally disabled. On January 12, 1938, he filed a claim for compensation and at the first hearing the employer and insurance carrier raised the question of his failure to file his claim within the statutory time. After hearings the Board ruled that the claim was not barred because the employer had made an advance payment within the meaning of section 28 of the Workmen's Compensation Law. It also ruled that the claim should be characterized as " stale " and came under section 25-a of the law, thereby relieving the insurance carrier and imposing liability on the Special Fund for Reopened Cases. The employer had filed its first report of injury on March 30, 1929, in which it admitted that the injury arose out of and in the course of the employment and that it had provided medical attention on March 28, 1929. The attending physician filed his report on April 13, 1929, setting forth the injuries and the engagement of his services by the employer. The attending physician administered to claimant five or six times about the time of the accident and was paid nine dollars by the employer for such treatments. The employer also paid for an X-ray. Both the employer and insurance carrier had knowledge that claimant was being treated by this physician and it appears from the record that the employer had full knowledge of the accident, the resulting disability and of claimant's complaints over a course of years and that it paid his wages for time off while he was being treated by the physician. We believe that the record here adequately shows an advance payment within the meaning of section 28 of the Workmen's Compensation Law. (Matter of Patti v. Knickerbocker Fireproofing Co., 280 N. Y. 609; Matter of Schwartz v. Jacobs Brothers Co., 271 id. 641.) Award affirmed, with costs to the State Industrial Board against the Special Fund. Hill,

P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents, with a memorandum. Schenck, J. I dissent and vote to reverse the award of the Industrial Board and dismiss the claim. Section 28 of the Workmen's Compensation Law provides that claims for compensation must be made within one year from date of accident. The elapsed time here before claim was filed was nearly nine years. The time requirement was not waived by the mere payment of nine dollars for medical bills. Upon this point the facts here are in accord with those in *Matter of Lissow* v. *Mabbett Motors, Inc.* (279 N. Y. 585). Upon the authority of that case there was no waiver here in the form of an " advance payment " of compensation. The decision in the *Lissow* case is controlling here. The award should be reversed and the claim dismissed.