■ DUNKIN'S DONUTS OF AMERICA, INC., Respondent, v. DUNKIN DONUTS, INC., et al., Respondents-Appellants.— Motion for permission to appeal to the Court of Appeals denied, without costs. Cross motion of appellants to add the name of Samuel D. Cooper, Esq., attorney for said appellants, granted, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ In the Matter of the Claim of FRED GAMMINO, Respondent, against SPERRY GYROSCOPE CO. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board in favor of the claimant, and which discharged from liability the Special Fund for Reopened Cases. It has been found by the board that claimant suffered an injury to his back from an industrial accident which happened in July, 1945, but apparently a claim for this particular accident did not come to the attention of the board until June, 1955. What occasioned this long delay, and why the board excused it, does not clearly appear, and apparently the answer thereto is buried in a mass of reports that only the initiated can fathom. In any event between those dates claimant suffered several other accidental injuries, some of which were compensated. Between July, 1945 and November 16, 1950 claimant had seven weeks of lost time for which he was not paid wages. The award appealed from is for reduced earnings for those seven weeks at the rate of $25 a week, amounting in all to $175. Appellants assert that such award, if proper, should be charged against the Special Fund for Reopened Cases. Under the Workmen's Compensation Law (§ 25-a) the Special Fund is liable for a compensable injury after a lapse of seven years from the date of the injury and also a lapse of three years from the date of the last payment of compensation. Obviously in this claim seven years had elapsed since the date of injury, but the board has found payments of compensation within the three-year period on the theory that the employer did not deduct from claimant's wages the time he spent at a plant medical clinic on three or four occasions between 1952 and 1954. The proof indicates that each visit to the clinic occupied from 20 minutes to half an hour. The board's formal findings on this issue of compensation paid for lost time are somewhat general in language but when read in conjunction with the memorandum decision of the board panel it is clear that the finding of payments of compensation within the three-year period was based solely on the visits of claimant to the employer's clinic. The decision of the board to charge the employer and its carrier with liability, and to relieve the Special Fund on the foregoing theory was erroneous. In the first place there is no substantial proof that claimant's visits to the clinic were occasioned by the accidental injury suffered in 1945. But even if they were, medical treatments provided an employee for injuries suffered in an industrial accident do not constitute payments of compensation under section 25-a of the statute (Workmen's Compensation Law, § 13, subd. [a]). If the board's theory is correct a neat way of circumventing the statute has been found, for the board in its findings has related claimant's visits to the employer's clinic to the 1945 accident. It is suggested by the Special Fund that payments of compensation can be spelled out from wages paid for other days of lost time. The board however made no such decision, and in any event there is no competent medical proof relating any lapses of work to the 1945 accident. Decision and award reversed, with costs to appellants against the Special Fund for Reopened Cases and claim remitted to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.