█      In the Matter of the Claim of CLARENCE ERNE, Respondent, v. RITTER Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant worked for the employer as a foreman for many years. He had a series of injuries involving his back. On April 14, 1949 he picked up a die weighing 25 to 100 pounds and felt a sharp pain in his back; on November 18, 1949, when he lifted a die, he felt "something snap". There were further back pain and incidents in 1952 and 1954. Although there was no compensation claim filed, it is possible that the payment of wages by the employer might be found to constitute an advance payment of compensation which could result in a liability of the Special Fund for Reopened Cases. (*Matter of Schwartz v. Jacobs Bros. Co.*, 247 App. Div. 848, affd. 271 N. Y. 640; *Matter of Gallahan v. Papec Mach. Co.*, 263 App. Div. 918, affd. 288 N. Y. 726.) Claimant tripped and fell on his back on May 8, 1959. He sustained another incident at home on December 5, 1959, and following this underwent an operation for herniated disc. The board has found the fall of May 8, 1959 the sole cause of the condition and discharged the Special Fund. There is no substantial medical evidence in the record to sustain the finding. The surgeon who operated on claimant repeatedly and unequivocally excluded the May, 1959 incident as a cause; but was of opinion the prior accidents were related to the condition. There is no substantial medical evidence of attribution of the May, 1959 incident as a cause for the disability. Award reversed and claim remitted to the board for further consideration, with costs against respondents. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.