■ MILDRED A. BILLY, as Executrix of JOSEPH M. BILLY, JR., Deceased, Appellant, v CONSOLIDATED MACHINE TOOL CORPORATION et al., Respondents. —Order and judgment unanimously affirmed, without costs. Memorandum: Plaintiff's testator sustained personal injuries which resulted in his death when, during the course of his employment by defendant USM Corporation, he was struck by a ram which was part of a mill he was repairing. The mill and the parts of it alleged to be defective were designed and manufactured by the defendants, Consolidated Machine Tool Corp., Farrel-Birmingham Co., Inc., and Farrel Corporation. None of these defendants now has any present corporate existence. As the result of various corporate acquisitions mergers and name changes, they have been succeeded by defendant USM, which is a wholly owned subsidiary of defendant Emhart Corporation. Plaintiff alleges that the ram and its parts were negligently and defectively designed, constructed and maintained and she asserts causes of action grounded on strict liability in tort and negligence seeking damages for wrongful death, conscious pain and suffering and loss of services and consortium. Special Term dismissed the complaint as to all defendants and we affirm. The predecessor corporations no longer exist; liability for any culpable action of their officers and employees was assumed by the successor corporation, testator's employer, USM (Business Corporation Law, § 906, subd [b], par [3]; and see *Matter of Riley v Aircraft Prods. Mfg. Corp.,* 40 NY2d 366, 371) and the action against USM, therefore, is barred by section 11 of the Workers' Compensation Law. Recognizing this, plaintiff urges us to adopt a dual capacity rule (see 2A Larson's Workers' Compensation Law, § 72.80). She contends that that rule is compatible with the development of New York's law of strict liability in tort because the policy aims of strict liability are equally promoted whether a manufacturer is held liable at common law for defective design or manufacture of its machinery to an employee or to a member of the public (see *Douglas v Gallo Winery,* 69 CA 3d 103). The New York courts have not adopted the dual capacity rule (see *Williams v Hartshorn,* 296 NY 49, 51; *Minsky v Baitelman,* 281 App Div 910). If a change is to be made, it should be done by the Court of Appeals. Under present law the protection of the Workers' Compensation Law is plenary and forecloses plaintiff's causes of action. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.