■ In the Matter of the Claim of HORATIO D. MOORE, JR., Appellant, v ONEIDA, LTD., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mikoll, J. ■

Claimant retired after working 33 years for Oneida, Ltd., in a noisy work place, during which time his hearing was tested several times at the instance of Oneida and without charge to claimant. The tests were administered in the medical department by a nurse during work hours and claimant was not docked for the time. Claimant could not remember if the test results were discussed with him. Claimant stopped actual work on May 8, 1978, the date he began a leave of absence for medical reasons unrelated to his hearing loss or this claim. He remained on leave or on inactive status until he formally retired effective April 1, 1980. On October 21, 1981, claimant saw his attending physician, who certified a noise-related hearing loss. Claimant filed his claim for compensation for hearing loss on October 30, 1981.

The Administrative Law Judge (ALJ) found that the date of disability was November 6, 1978, six months after claimant's last actual day of work. There is no question that the compensation claim, filed October 30, 1981, was not filed within two years of the date of claimant's disability, as required by Workers' Compensation Law § 29. The ALJ awarded benefits to claimant, impliedly finding that the administration of the periodic hearing tests had been an advance payment of compensation tolling the Statute of Limitations. The Workers' Compensation Board, in reversing and disallowing the claim found "that the claim was not timely filed and that there is no evidence of an advance payment of compensation to waive late claim filing". This appeal by claimant ensued.

An advance payment may take the form of medical treatment (Gallahan v Papec Mach. Co., 263 App Div 918). However, the determination of whether an advance payment has been made is factual and must be sustained if supported by substantial evidence (see, Matter of Urban v NYS Letchworth Vil., 91 AD2d 1090). In the instant case, the Board could properly conclude that the periodic hearing tests were not

administered to claimant for purposes of rendering treatment to him but rather for the purposes of the employer. The fact that claimant was apparently unaware that he had any hearing impairment requiring treatment during the period the tests were administered indicates that they were not considered treatment by claimant at that time. The determination of the Board is supported by substantial evidence. There should therefore be an affirmance.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.