[654 NYS2d 463]

In the Matter of the Claim of CARMEN F. LOIACONO, Respondent, v SEARS, ROEBUCK & COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, March 6, 1997

## APPEARANCES OF COUNSEL

*Whyland & Richmond,* North Syracuse (*Bram S. Lehman* of counsel), for appellants.

*Morris Lissauer,* New York City, for Special Fund for Reopened Cases, respondent.

## OPINION OF THE COURT

CARDONA, P. J.

On September 9, 1981, claimant suffered a back injury while working for the employer. On January 13, 1982, the employer completed a C-2 form indicating that claimant did not lose any time from work, but did receive medical treatment on September 15, 1981. The form, however, was not filed with the Workers' Compensation Board at the time. A report from claimant's physician dated May 14, 1982 states that claimant was discharged from care since her condition had improved. Thereafter, claimant continued to work and underwent periodic chiropractic treatment beginning in September 1984. On September 14, 1992, the Board formally indexed claimant's case. Thereafter, the Board issued an order of restoral bringing the case on for a hearing to consider, *inter alia,* the issue of the applicability of Workers' Compensation Law § 25-a.

After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that Workers' Compensation Law § 25-a was applicable to the case, thereby shifting liability to the Special Fund for Reopened Cases (hereinafter the Fund). On appeal, the Board issued a decision dated June 13, 1994 reversing the decision of the WCLJ on the basis that the case was open in 1992 and there had been no informal closing of the case prior to this date. The Board issued an amended decision on July 7, 1995 in which it reached the same conclusion but also found that even if the case had been closed in 1982 when claimant initially stopped treatment, "the case was reopened in 1984 * * * by operation of the chiropractor's C-4s because these reports describe an adverse change in condition". The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) now appeal.

The employer maintains that the Board erred in discharging the Fund from liability in this matter. Workers' Compensation Law § 25-a (1) provides, in pertinent part, that: "when an application for compensation is made by an employee * * * and the employer has secured the payment of compensation * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * if an award is made it shall be against the special fund". The object of this provision is to shift the liability for paying stale claims to the Fund (see, Matter of Riley v Aircraft Prods. Mfg. Corp., 40 NY2d 366, 367). While liability is imposed upon the Fund where a case is closed and subsequently reopened by fresh application, the statute does not require a "formal 'opening' in the form of a filing of a formal claim to the Work[ers'] Compensation Board" (supra, at 370). Rather, a case may be "opened" by voluntary advance payments of compensation which, in effect, constitute an informal award (see, supra). When these payments cease, the case is "closed" and the subsequent filing of a stale "initial" claim is the equivalent to a reopening of the case (see, supra). Thus, the provisions of Workers' Compensation Law § 25-a are triggered as long as the seven and three-year threshold is met.

In the case at hand, it is undisputed that there was no formal opening of the case. Nevertheless, the employer argues that its payment of claimant's medical expenses at the time of the accident constituted a voluntary advance payment of compensation of the type which constitute an informal award or "opening" under the provisions of Workers' Compensation Law § 25-a (see, Minkowitz, Practice Commentaries, Workers' Compensation Law § 25-a, at 359; see also, Workers' Compensation Law § 25 [4]). The Fund disagrees with the proposition that medical treatment paid by the employer can constitute advance payments of compensation in Workers' Compensation Law § 25-a cases. The Fund recognizes that, for purposes of determining whether an advance payment of compensation has been made so as to waive the Statute of Limitations for claims contained in Workers' Compensation Law § 28, medical treatment has been recognized for this purpose as long as it is made under circumstances which imply a recognition of liability on the part of the employer (see, e.g., Matter of Cook v Buffalo Gen. Hosp., 308 NY 480, 482; Matter of Fritts v Kendall Ref. Co., 140 AD2d 762, 763; Matter of Moore v Oneida, Ltd., 124 AD2d 389, lv denied 69 NY2d 609; Matter of Kaszas v Monticello Cent. School, 53 AD2d 940, 941; Matter of Elenz v

*American Mach. & Foundry*, 34 AD2d 713, 714). The Fund maintains, however, that advance payment of compensation for purposes of Workers' Compensation Law § 25-a is different than for Workers' Compensation Law § 28 (*see, Matter of Gammino v Sperry Gyroscope Co.*, 8 AD2d 571; *see also*, Workers' Compensation Law § 2 [6]).

Our review of the relevant statutes and case law reveals no rational basis for applying different definitions of "advance payment of compensation" in cases where Workers' Compensation Law § 25-a is invoked (*see, Matter of Gallahan v Papec Mach. Co.*, 263 App Div 918, *affd* 288 NY 726). Notably, informal claims are treated the same as formal awards under the Workers' Compensation Law (*see, Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370, *supra*). Accordingly, we conclude that the Board erred in finding that no advance compensation was paid by the employer. The record indicates that the informal claim was closed by a 1982 report of claimant's physician that discharged her as essentially non-symptomatic.

Furthermore, we cannot agree with the argument that even if there was such a closing, claimant's recommencement of treatment in 1984 constituted a "reopening" of the case within three years of the last payment of compensation in 1982 so as to take the matter outside the purview of Workers' Compensation Law § 25-a. While medical reports can constitute an application to reopen, such reports must sufficiently give the Board notice "of a change in [the] claimant's condition" (*Matter of Pucser v Allegheny Ludlum Steel Corp.*, 45 AD2d 798; *see, Matter of Krosky v Shell Oil Co.*, 26 AD2d 847, 848). "In determining whether a changed condition is shown, a medical report should not be given a strained or unreasonable interpretation" (*Matter of Tripoli v Crucible Steel Co.*, 12 AD2d 425, 427, *affd* 10 NY2d 877). "Medical reports should not be interpreted as a basis for an application to reopen unless it is reasonably clear that such was the intention of the doctor" (*supra*, at 427).

Here, the reports from claimant's chiropractor in the record state that claimant was on "maintenance care" or "symptomatic care for active relief of pain" and recommended chiropractic adjustments as needed. The November 2, 1986 report states that claimant's condition would not be permanent as long as periodic treatment occurred. In our view, these reports are insufficient to give notice of a change in condition as compared to simply indicating continued disability and treatment (*see,*

*Matter of Pucser v Allegheny Ludlum Steel Corp., supra*). Consequently, since the record indicates that the initial "stale" claim was made more than seven years after the date of the accident and more than three years after the last advance payment of compensation (*see, Matter of Ferraro v Nathan & Co.*, 84 AD2d 621), reversal of the Board's decisions is required.

MIKOLL, CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.