■ In the Matter of the Claim of PATRICIA ECRET, Appellant, v HOLIDAY INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 411] —Appeal from a decision of the Workers' Compensation Board, filed February 13, 1997, which ruled that claimant's application for workers' compensation benefits was time barred.

In November 1990, claimant was injured while she was working as a chambermaid for Holiday Inn (hereinafter the employer) when she slipped and fell in the employer's parking lot. In January 1995, claimant filed an application for workers' compensation benefits. At the first hearing on her claim, the employer argued that the claim was not timely filed. The Workers' Compensation Law Judge dismissed the claim as untimely and the Workers' Compensation Board affirmed that decision. Claimant appeals.

Although claimant does not contest that her claim was filed more than two years after her original injury, she claims that the two-year time frame for filing her claim was waived because her employer was aware of her injury and directed her to charge her medical bills to her employer-paid medical insurance (*see*, Workers' Compensation Law § 28). The payment or providing of medical treatment has been recognized to be advanced compensation for purposes of waiving the Statute of Limitations for a workers' compensation benefit claim so long as the compensation was made to imply a recognition of liability on the part of the employer (*see*, *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353). In our view, payments made by an employer-paid insurance plan toward medical bills do not constitute advanced compensation as these payments would be made by an employee's medical insurance regardless of whether the employer has recognized liability (*see*, *Matter of Iovino v Western Elec. Co.*, 71 AD2d 717; *Matter of Kaszas v Monticello Cent. School*, 53 AD2d 940). As the employer made no payments toward claimant's medical bills that were not covered by her insurance (*compare*, *Matter of Feigenbaum v Logimetrics, Inc.*, 209 AD2d 793), provided no medical treatment (*see*, *Matter of Moore v Oneida, Ltd.*, 124 AD2d 389, *lv denied* 69 NY2d 609; *Matter of Romano v Franklin Gen. Hosp.*, 108 AD2d 971) and claimant received disability benefits rather than being paid by the employer for any lost time, substantial evidence supports the Board's decision that no advanced compensation was made which would constitute a waiver of the two-year Statute of Limitations. Furthermore, we reject claimant's contention that her disability was a result of an occupational disease rather than an accident (*see generally*, *Matter of Artiste v Kingsbrook Jewish Med. Ctr.*, 221 AD2d 81).

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.