■ In the Matter of the Claim of LINO RODRIGUEZ, Claimant, v GREENFIELD DIE CASTING et al., Respondents, and SPECIAL

FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSA-
TION BOARD, Respondent. [860 NYS2d 334]—

Kavanagh, J. Appeal from a decision of the Workers' Compen-
sation Board, filed December 20, 2006, which ruled that liability
shifted to the Special Fund for Reopened Cases pursuant to
Workers' Compensation Law § 25-a.

In September 1998, claimant aggravated a prior back injury
while at work. His employer filed a C-2 employer's report of
injury of the accident with the Workers' Compensation Board in
October 1998 and the employer's workers' compensation carrier
filed a C-699 form in December 1998. More than seven years
later, claimant filed a C-3 form (employee's claim for compensa-
tion), prompting the Board for the first time to index the case
on February 13, 2006. When claimant's treating physician
requested authorization for physical therapy and an MRI, the
carrier denied the request on the ground that it should be
covered by the Special Fund for Reopened Cases. After two
hearings, a Workers' Compensation Law Judge determined that
claimant suffered a work-related injury and that liability for
payments in connection with this injury shifted to the Special
Fund pursuant to Workers' Compensation Law § 25-a. On the
Special Fund's application for full Board review, the Board af-
firmed the Workers' Compensation Law Judge's determination
and the Special Fund now appeals.

The Special Fund argues that it is not liable for payments
because the claim was formally opened in 1998 with the filing of
the aforementioned forms—or within seven years of the date of
claimant's injury—and has never been closed. The carrier
argued and the Board found that this claim was not opened
until 2006 when claimant made a claim for compensation by fil-
ing the C-3 form. It based its finding on the fact that while the
carrier had paid for claimant's medical treatment "since the
date of the accident of September 26, 1998," no payments for
compensation had been made on this claim and, while forms
were filed with the Board at the time of the injury, the claim
was not indexed and no claim for lost time beyond the waiting
period had been made. In addition, no action of any kind was
taken on this claim during the eight years that passed between
the date of claimant's accident and the filing of his C-3 form in
2006.

Initially, we note that whether a case has been truly opened or closed is a factual decision for the Board's determination and that decision will not be reversed if supported by substantial evidence (*see Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]; *Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]). Here, the Board found that the case had not been opened until 2006 when the carrier objected to being held responsible for the payment of claimant's continued medical treatment. However, it also concluded, based on the record, that this objection was only filed by the carrier after it had "paid for the claimant's medical treatment since the date of [the] accident of September 26, 1998." Contrary to the position taken by the Special Fund, such payments constitute an informal "opening" of the claim (*see Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370 [1976]; *Matter of Gallahan v Papec Mach. Co.*, 288 NY 726, 726-727 [1942]; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]).

If, after a case has been opened, it is subsequently closed, and the statutory time limits contained in Workers' Compensation Law § 25-a have passed before a new claim for compensation is made, liability may be properly transferred to the Special Fund (*see Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 957 [2007]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d at 1103). A principal consideration in making this determination is whether any additional payments have been made or further proceedings were in fact contemplated after the date it is alleged the claim was closed (*see Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959 [2007]). Here, the employer, in October 1998, filed a C-2 report with the Board detailing the nature of the employee's injuries as well as where and under what circumstances the accident causing the injuries occurred. Two months later, the Board was notified by the carrier—the C-699 form—that while it did not dispute the fact that an injury had occurred, no additional payments beyond what had already been made for the employee's medical care would be made because the employee had been out of work as a result of the injury for less than seven days. During the eight-year period between when the Board was first notified of the occurrence of this incident in 1998 and the employee filed his claim for compensation in 2006, no action was taken and no payments for compensation were made on this claim. As such, the case was then deemed closed (*see Matter of Riley v Aircraft Prods. Mfg. Corp*, 40 NY2d at 370; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d at 353). Therefore, we conclude that the Board's determination that liability for this claim shifted to the Special Fund pursuant to Workers' Compensation Law § 25-a is supported by substantial evidence.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.