■ In the Matter of the Claim of EDWARD J. MAGUIRE, Respondent, v UNITED PARCEL SERVICE et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 324]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 20, 2009, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

In April 2001, claimant sustained a back injury while working, and his employer filed a C-2 form with the Workers' Compensation Board shortly thereafter. Claimant has not missed any work as a result of the injury, but has continuously received medical treatment for the injury that has been voluntarily paid for by the workers' compensation carrier for the

---

* Thereafter, petitioner's 2009 sentence was affirmed by this Court (*People v Lagas*, 76 AD3d 384 [2010]).

employer. Claimant's case was indexed by the Board at the carrier's request in June 2008, and the carrier filed a form C-699 soon after in which it did not dispute liability, but declined to make payments to claimant given the lack of more than seven days of lost time. The carrier then sought to shift liability for the claim to the Special Fund for Reopened Cases. The Board ultimately granted that application, holding that the claim had been deemed closed at an unspecified point prior to the carrier's application for the claim to be indexed, and the Special Fund now appeals.

We reverse. Under Workers' Compensation Law § 25-a, the Special Fund becomes liable for a claim if it was fully closed and "is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (*Matter of Clark v SUNY Upstate Med. Ctr.*, 73 AD3d 1408, 1408 [2010]; *see Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1310 [2010]). While the time limits have been met here, the Special Fund argues that the claim was never closed given claimant's ongoing medical treatment. The carrier's voluntary payment of claimant's medical expenses constituted the informal opening of the present claim (*see Matter of Gregorec v Brenners Furniture Co., Inc.*, 68 AD3d 1301, 1303 n [2009]; *Matter of Rodriguez v Greenfield Die Casting*, 53 AD3d 728, 730 [2008]). As claimant did not miss time from work due to the injury, the claim would thereafter be deemed closed when the carrier ceased paying those medical expenses (*see Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370 [1976]; *Matter of Gregorec v Brenners Furniture Co., Inc.*, 68 AD3d at 1303 n; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353-354 [1997]). There is no indication that the carrier stopped doing so prior to seeking the formal indexing of this claim and, thus, the Board's determination that the claim had been closed prior to its "reopening" is not supported by substantial evidence in the record (*cf. Matter of Rodriguez v Greenfield Die Casting*, 53 AD3d at 730).

In light of the foregoing, we need not address the Special Fund's remaining argument.

Cardona, P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.