In the Matter of the Claim of RENATE M. GADDIS, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [927 NYS2d 199]—

Spain, J.

On January 5, 1998, claimant injured her left knee in a work-related accident. In a decision dated January 28, 1999, claimant was awarded workers' compensation disability benefits, treatment was authorized and no further action was planned. The final payment of benefits was made February 3, 1999 and, in October 1999, claimant retired. However, between July 2000 and August 2008, claimant's treating physicians submitted reports to the Workers' Compensation Board indicating that her left knee condition was worsening, and several surgeries were authorized and paid for by the employer's workers' compensation carrier, including a total knee replacement. The carrier submitted a request for further action seeking to transfer liability to the Special Fund for Reopened Cases on August 22, 2008. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the carrier's application and discharged the Special Fund. Upon review, a Board panel modified the WCLJ's determination and shifted liability to the Special Fund effective August 22, 2006. The Special Fund appeals, and we reverse.

Workers' Compensation Law § 25-a (1) provides that liability shifts from the carrier to the Special Fund when an application for compensation is made after "a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation" (see Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294 [2009]). Additionally, the claim must have been closed—and not reopened—prior to the lapse of the statutory periods (see Matter of Maguire v United Parcel Serv., 78 AD3d 1345, 1346 [2010]).

A medical report may constitute an application to reopen and defeat the applicability of Workers' Compensation Law § 25-a "if [the report] does not merely indicate continued disability and treatment, but rather places the Board on notice of a change in a claimant's condition" (*Matter of Linz v Maine Endwell School Dist.*, 79 AD3d 1541, 1542 [2010]).

In this case, as the parties concede, the medical reports of claimant's physicians submitted between 2000 and 2008 do reflect a significant change in her condition that would ordinarily constitute a request to reopen. Nonetheless, the Board ruled that, because claimant had voluntarily retired and was therefore not seeking any compensation for causally related lost time, the medical reports could not constitute a request to reopen within the statutory time that would operate to bar liability from shifting to the Special Fund. We discern no basis in the statute or the case law for the Board's conclusion that the lack of further lost time awards precludes consideration of a medical report as an application to reopen that, if made prior to the lapse of seven years from the date of injury, would operate to bar liability from shifting to the Special Fund (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 386 [1949]; *Matter of Norcross v Camden Cent. School*, 78 AD3d 1339, 1339-1340 [2010]; *see also Employer: Del Labs*, 2009 WL 193434, 2009 NY Wrk Comp LEXIS 4054 [WCB No. 2940 8739, Jan. 14, 2009]).* Accordingly, the Board's determination that liability shifted to the Special Fund because the medical reports herein did not constitute an application to reopen is not supported by substantial evidence, and must be reversed.

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

 ---

* The case relied upon by the Board, *Employer: Potsdam Cent. School* (2009 WL 193731, 2009 NY Wrk Comp LEXIS 87 [WCB No. 6010 2214, Jan. 21, 2009]), does not support a contrary result.