■ In the Matter of the Claim of MARIA PALERMO, Claimant, v PRIMO COAT CORPORATION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 109]—

Stein, J.

Claimant, a seamstress, sustained a work-related injury to her right knee in 2000, and her claim for workers' compensation benefits was established. The claim was subsequently amended to include various other ailments, but claimant's assertion that she had suffered a consequential left elbow injury was not resolved. Claimant thereafter pleaded guilty to a charge of petit larceny arising out of her fraudulently collecting workers' compensation benefits while working. As a result, she was permanently disqualified from receiving further lost wage benefits in 2005, although her medical expenses continued to be paid (see Workers' Compensation Law § 114-a). In 2008, the employer and its workers' compensation carrier applied for a finding pursuant to Workers' Compensation Law § 25-a that liability for the claim should be shifted to the Special Fund for Reopened Cases. The Workers' Compensation Board granted the application, and the Special Fund now appeals.

We affirm. Workers' Compensation Law § 25-a shifts liability for a claim "to the Special Fund where a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (Matter of Clark v SUNY Upstate Med. Ctr., 73 AD3d 1408, 1408 [2010]; see Matter of Barberie v Helmsley Spear Co., 51 AD3d 1289, 1290 [2008]). There is no dispute that the requisite time periods have passed and, as such, the sole issue before us is whether the case was truly closed given claimant's unresolved claim of a consequential left elbow injury. The fact that a "claimant's condition may change or worsen in the future" does not preclude a finding that the claim is truly closed (Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]; accord

*Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc.*, 61 AD3d 1293, 1294 [2009]). Whether a case is truly closed is a factual question for the Board to determine—based on whether further proceedings related to the payment of compensation were contemplated at the time of the presumed closing—and the Board's determination will not be disturbed so long as it is supported by substantial evidence (*see Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 959, 960). Compensation is "the money allowance payable to an employee or to his [or her] dependents," and is distinct from the payment of medical expenses (Workers' Compensation Law § 2 [6]; *see* § 13 [a]; *Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 960; *Matter of Hill v Eastman Kodak Co.*, 258 AD2d 861 [1999]). Even though issues regarding the alleged left elbow injury remained outstanding, those issues related to the payment of medical expenses and not compensation, as claimant was disqualified from obtaining further lost wage benefits in 2005. Substantial evidence thus supports the Board's determination that the claim was truly closed (*see Matter of Zimmerman v Quality Inn*, 25 AD3d 829, 830 [2006]; *Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1150-1151 [2005]).*

The Special Fund's remaining argument has been examined and found to be without merit.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Contrary to the Special Fund's contention, our holding in *Matter of Maguire v United Parcel Serv.* (78 AD3d 1345 [2010]) does not dictate a different result. That case involved *voluntary* payments for medical treatment. Such payments are "made under circumstances which imply a recognition of liability on the part of the employer" and, thus, may be viewed as payments in advance of compensation sufficient to constitute an informal award of benefits that is closed only when the payments cease (*Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]; *see* Workers' Compensation Law § 25 [4]; *Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370-371 [1976]; *Matter of Maguire v United Parcel Serv.*, 78 AD3d at 1346; *Matter of Rodriguez v Greenfield Die Casting*, 53 AD3d 728, 730 [2008]). In contrast, the inquiry where, as here, a formal claim has been filed and established is whether and when *actual* payments of compensation were made, and medical expenses do not "constitute the payment of compensation" for purposes of Workers' Compensation Law § 25-a (Workers' Compensation Law § 13 [a]; *see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 385-386 [1949]; *Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 958).