Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 5, 2011, which, among other things, transferred liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
Claimant suffered a work-related right carpel tunnel syndrome and right thumb injury in January 2003 and was awarded workers’ compensation benefits. Claimant underwent surgery on her right hand and, shortly thereafter, returned to her regu *1226 lar employment duties. In 2004, claimant was awarded a 7.5% schedule loss of use of her right hand based upon her physician’s opinion regarding her post-surgery status, and medical treatment and care was authorized, as needed, with no further action to be taken by the Workers’ Compensation Board. Final payment of that schedule loss of use award was made in August 2004.
In 2006, a request by claimant’s physician for additional surgery on claimant’s right hand was approved and claimant, again, underwent the surgery. Claimant again resumed employment without restrictions and was referred to physical therapy. In March 2008, the case was reopened and directed to travel with an associated and controverted claim for a 2006 work-related right elbow injury. By decision dated August 4, 2008, the Board, although noting that there is a possibility of permanency based upon the nature of the injury, found insufficient evidence of any such disability and closed the case based upon prior findings with no further action planned.
Thereafter, in July 2010, the case was reopened to consider an increased schedule loss of use or permanency to claimant’s right hand. The workers’ compensation carrier, in turn, requested that liability be shifted to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. Following a hearing, a Workers’ Compensation Law Judge (hereinafter WCLJ) found a 25.2% schedule loss of use of claimant’s right hand, awarded benefits and discharged the Special Fund. The carrier sought full Board review to the extent that the WCLJ found Workers’ Compensation Law § 25-a inapplicable. By decision dated July 7, 2011, the Board modified the WCLJ decision and found that the case was truly closed by decision dated August 4, 2008 and shifted liability to the Special Fund. The Special Fund now appeals.
We affirm. “Workers’ Compensation Law § 25-a shifts liability for a claim to the Special Fund where a workers’ compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation” (Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1042 [2011] [internal quotation marks and citations omitted], Iv denied 18 NY3d 810 [2012]). “The determination of whether a case is truly closed for purposes of Workers’ Compensation Law § 25-a is an issue of fact to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence” (Matter of Carubia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 [2004] [internal quotation marks and citations omitted]). A case *1227 is truly closed if no further issues related to the payment of compensation were outstanding at the time the matter was closed (see Matter of Palermo v Primo Coat Corp., 88 AD3d at 1043; Matter of Bush v Montgomery Ward, 73 AD3d 1313, 1313-1314 [2010]).
Here, although the Board acknowledged the possibility of permanency in the August 4, 2008 decision, “[t]he fact that a ‘claimant’s condition may change or worsen in the future’ does not preclude a finding that the claim is truly closed” (Matter of Palermo v Primo Coat Corp., 88 AD3d at 1042, quoting Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]; see Matter of Rathbun v D’Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294 [2009]). The only potential issue following the August 4, 2008 decision was whether a schedule loss of use increase would arise in the event that claimant’s condition worsened. The record establishes that no issue of increased loss of use or permanency was raised after her 2006 surgery until the Board received the medical opinion of claimant’s physician on May 14, 2010. Upon our review of the record, we find that the Board’s decision that the case was truly closed by the August 4, 2008 decision is supported by substantial evidence. Accordingly, given the lapse of the requisite statutory time period since the injury occurred and the final compensation payment, the Board’s decision to shift liability to the Special Fund will not be disturbed.
We have reviewed the remaining contentions and find them to be unpersuasive.
Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.