Peters, EJ.
Claimant worked for the employer as a field service representative and, on May 1, 2004, struck his head on a concrete beam in a customer’s basement after reading a meter, causing injuries to his head, neck and back. He filed a claim for workers’ compensation benefits and, following a hearing, a Workers’ Compensation Law Judge (hereinafter WCLJ) established the case for occupational disease to claimant’s head, neck and back, referencing, among other things, medical testimony that previously established claimant’s case for injuries to his neck and back stemming from a 1992 work-related accident. By stipulation of the parties following a 2008 hearing, a WCLJ apportioned 22.5% of the liability for claimant’s back and neck injuries to the incident and indicated that no further action was planned. Thereafter, claimant continued to experience back problems, was diagnosed with severe biforaminal stenosis and continued to work, but was classified as partially disabled. He was treated with a series of epidural injections. On October 26, 2010, the Chair of the Workers’ Compensation Board authorized an MRI of claimant’s cervical spine. On April 27, 2011, following a request by claimant’s treating orthopedic surgeon, the Chair authorized surgery to be performed on claimant’s lumbar spine.
*988 On May 10, 2011, the workers’ compensation carrier requested that payment of benefits be transferred to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. Following a hearing, a WCLJ denied the request and found that Workers’ Compensation Law § 25-a was inapplicable. The Board, however, concluded that the April 27, 2011 order of the Chair constituted a true closing of the case and that liability shifted to the Special Fund under Workers’ Compensation Law § 25-a. The Board modified the WCLJ’s decision accordingly and this appeal by the Special Fund ensued.
“Workers’ Compensation Law § 25-a (1) provides that liability shifts from the carrier to the Special Fund when an application to reopen a closed case is made more than seven years after the date of the injury and three years following the last payment of benefits” (Matter of Mucci v New York State Dept. of Corr., 98 AD3d 1223, 1223 [2012] [citations omitted]; see Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012]). Where, as here, these statutory time periods have been satisfied, the shifting of liability will occur only if the case has been “truly closed” (Matter of Mucci v New York State Dept. of Corr., 98 AD3d at 1223; see Matter of Hosey v Central N.Y. DDSO, 91 AD3d at 994). Whether a case has been “truly closed” for the purposes of Workers’ Compensation Law § 25-a is a factual issue to be resolved by the Board by evaluating if any further proceedings related to the payment of compensation were contemplated at the time that the case was closed, not whether they were actually planned (see Matter of Nanni v Source Corp., 98 AD3d 1225, 1227 [2012]; Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1043 [2011], lv dismissed 18 NY3d 810 [2012]; see also Matter of Riley v P&V Sadowski Constr., 104 AD3d 1039, 1039-1040 [2013]). The Board’s decision in this regard will be upheld if supported by substantial evidence (see Matter of Nanni v Source Corp., 98 AD3d at 1226; Matter of Palermo v Primo Coat Corp., 88 AD3d at 1043).
Claimant continued to work prior to the surgery authorized by the Chair’s April 27, 2011 order. Indeed, the April 27, 2011 order finally resolved the issue of treatment with respect to claimant’s lumbar spine and made no mention of any further proceedings. Certainly, the submission of additional medical evidence was not contemplated at that time (see Matter of Riley v P&V Sadowski Constr., 104 AD3d at 1039). Consistent with this Court’s reasoning in Matter of Rathbun v D’Ella Pontiac Buick GMC, Inc. (61 AD3d 1293 [2009]), we find that substantial evidence supports the Board’s decision that the Chair’s April 27, 2011 order constituted a true closing of the case. A contrary *989 result is not compelled by the subsequent change in claimant’s medical condition and his need to have further surgery following the April 27, 2011 order (see Matter of Nanni v Source Corp., 98 AD3d at 1227; Matter of Rathbun v D’Ella Pontiac Buick GMC, Inc., 61 AD3d at 1294). Furthermore, the cases relied upon by the Special Fund are factually distinguishable (see Matter of Riley v P&V Sadowski Constr., supra-, Matter of Donnelly v Alden Cent. Schools, 83 AD3d 1368 [2011]; Matter of Barker v Buffalo Color Corp., 32 AD3d 1138 [2006]) and do not persuade us that a different conclusion is warranted under the circumstances presented here.
Rose, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.