■ In the Matter of the Claim of DIANE ZOGARIA, Claimant, v QUEBECOR WORLD USA INC. et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [4 NYS3d 321]—

Clark, J. Appeal from a decision of the Workers' Compensation Board filed December 27, 2013, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury to her left knee on June 1, 2005, and her undisputed claim for workers' compensation benefits was established. She was awarded benefits from August 2005 to November 2005 and, thereafter, did not lose any more time from work. In December 2006, a Workers' Compensation Law Judge found a 22.5% schedule loss of use of

claimant's left leg, and awarded additional benefits, which the workers' compensation carrier paid in full prior to January 4, 2007. Claimant continued receiving symptomatic medical care and, in January 2012, her physician requested authorization for a left total knee arthroplasty. The carrier authorized surgery on February 27, 2012, and claimant underwent the procedure on September 21, 2012. Shortly thereafter, the carrier requested that liability be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Law Judge denied the request, but the Workers' Compensation Board reversed, finding that liability shifted to the Special Fund when the case was reopened in September 2012, at the time that claimant underwent the authorized surgery. This appeal by the Special Fund ensued.

"Workers' Compensation Law § 25-a (1) provides that liability shifts from the carrier to the Special Fund when an application to reopen a closed case is made more than seven years after the date of the injury and three years following the last payment of benefits" (*Matter of Porter v New York State Elec. & Gas Corp.*, 113 AD3d 987, 988 [2014] [internal quotation marks and citations omitted]). Even when the requisite time periods have passed, liability will not shift pursuant to section 25-a unless the case was truly closed (*see id.*; *Matter of Palermo v Primo Coat Corp.*, 88 AD3d 1042, 1042 [2011], *lv denied* 18 NY3d 810 [2012]; *Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959 [2007]). "Whether and when a case is truly closed is a factual question for the Board to determine, based mainly on whether further proceedings were contemplated at the time of the presumed closing, and that determination will not be reversed if supported by substantial evidence" (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 959 [citations omitted]).

Inasmuch as claimant sought payment for the surgery more than seven years after the date of injury in June 2005 and three years after the last date of the last payment of compensation in January 2007, the issue presented in this case is whether the case was truly closed prior to the time that surgery was performed (*see Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc.*, 61 AD3d 1293, 1294 [2009]). Here, the Board concluded that the case was closed following the schedule use award in 2006.* In response to the Special Fund's argument that the request by claimant's physician for authorization of

---

* The fact that claimant received symptomatic treatment after 2006 would not preclude a true closure; "[a] case may be truly closed where symptomatic

surgery constituted an "informal reopening" of the case (*see generally Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370-371 [1976]), the Board determined that the case was informally closed again when the carrier authorized surgery in February 2012. As in *Rathbun*, claimant remained medically cleared for full-duty work at the time of the February 2012 authorization of surgery, and did not seek compensation for lost time. Inasmuch as there is no evidence that other issues remained outstanding after surgery was authorized, and "all that remained to be resolved was whether claimant herself would decide to undergo this surgical procedure" (*Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc.*, 61 AD3d at 1295), substantial evidence supports the Board's determination that the case was truly closed in February 2012 (*see id.* at 1294-1295; *see also Matter of Porter v New York State Elec. & Gas Corp.*, 113 AD3d at 988-989; *Matter of Palermo v Primo Coat Corp.*, 88 AD3d at 1042-1043).

The Special Fund's remaining challenges are either contrary to this Court's precedent, otherwise lacking in merit, or unpreserved for our review.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the decision is affirmed, without costs.

---

medical treatment is authorized, even if the claimant's condition may change or worsen in the future, which would result in a reopening of the case" (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 959).