*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                520632
_____

In the Matter of the Claim of
    DEBORAH PALAZZOLO,
                        Claimant,
        v

DUTCHESS COUNTY,
                        Appellant,          MEMORANDUM AND ORDER
            and

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

_____

        Ryan, Roach & Ryan, LLP, Kingston (Jill M. Johnson of
counsel), for appellant.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

_____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed April 18, 2014, which ruled that claimant's case was not
truly closed for the purpose of shifting liability to the Special
Fund for Reopened Cases pursuant to Workers' Compensation Law
§ 25-a.

On July 20, 2000, claimant suffered a work-related injury to her left arm but, since her lost work time did not exceed the waiting period, no application for lost wages was submitted and no finding was made as to permanency or any degree thereof. Diagnostic medical tests were authorized and, after an appearance on June 12, 2001, the employer was directed to produce payroll records and a C-240 statement of wage earnings for purposes of calculating average weekly wages, and the issue of permanency was left unresolved. When claimant later made further requests for medical authorization in 2013, the employer requested that liability be transferred pursuant to Workers' Compensation Law § 25-a. The employer did not provide the C-240 until May 17, 2013, after claimant applied for further medical treatment and the Special Fund for Reopened Cases was put on notice. At a hearing, claimant testified that, other than a weight limit on lifting, she had continued to perform her job duties for the employer, albeit with some difficulty and pain that had recently increased, and had been continually compensated at her normal rate of pay. A Workers' Compensation Law Judge denied the employer's request to transfer liability, finding that the case was never truly closed, as there were directives for the carrier to produce payroll records and for both sides to submit permanency medical reports, and there was an outstanding issue of average weekly wages. Upon review, the Workers' Compensation Board affirmed. The employer appeals.

Pursuant to Workers' Compensation Law § 25-a, "liability shifts from the carrier [or self-insured employer] to the Special Fund when an application to reopen a closed case is made more than seven years after the date of injury and three years following the last payment of benefits" (Matter of Zogaria v Quebecor World USA Inc., 125 AD3d 1090, 1091 [2015] [internal quotation marks and citations omitted]; see Matter of Pankiw v Eastman Kodak Co., 123 AD3d 1388, 1389 [2014]). However, even when the required time periods have elapsed, liability will not shift unless the case "was truly closed . . . [, which] is a factual determination for the Board to resolve based primarily upon whether any further proceedings [were] contemplated [at the time of the presumed closing] with regard to issues concerning the payment of compensation" (Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012] [internal citations omitted]; see Matter of Zogaria v Quebecor World USA Inc., 125 AD3d at 1091;

Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d
987, 988 [2014]).

Here, although more than seven years had passed since
claimant's July 2000 injury, the record supports the Board's
factual determination that, at the time that the employer
requested that liability be shifted, it had not submitted the
requested C-240, and the issues of permanency and average weekly
wages had not been resolved.  While no determination had yet been
made whether claimant was entitled to lost wages or other
compensation, the record reflects that further proceedings were
contemplated.  Accordingly, the Board's decision that the case
was not truly closed was supported by substantial evidence and
will not be disturbed (see Matter of Hunter v Tops Mkt., Inc.,
125 AD3d 1092, 1093 [2015]; Matter of Pankiw v Eastman Kodak Co.,
123 AD3d at 1389-1390; cf. Matter of Zogaria v Quebecor World USA
Inc., 125 AD3d at 1091; Matter of Palermo v Primo Coat Corp., 88
AD3d 1042, 1043 [2011], lv dismissed 18 NY3d 810 [2012]; Matter
of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959-960
[2007]).

Egan Jr., J.P., Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court