■ In the Matter of the Claim of DONALD O'DELL, Appellant, v CONSOLIDATED EDISON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [824 NYS2d 789]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 22, 2005, which ruled that claimant's retirement was not causally related to his disability and he is not entitled to postretirement lost wages.

Claimant underwent surgery for the removal of a benign mass from his right lung in 1995. According to claimant, he thereafter experienced certain breathing difficulties, prompting him to retire from Consolidated Edison in November 1996 after 43 years of service. In October 1999, claimant was diagnosed with, among other things, pulmonary asbestosis and asbestos-related pleural disease which, according to the evaluating physician, was causally related to claimant's employment. Claimant subsequently applied for workers' compensation benefits and, following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently partially disabled as a result of work-related asbestosis and that claimant's retirement in November 1996 was caused by such disability. The WCLJ further found, based upon claimant's subsequent failure to search for work within the restrictions of his disability, that claimant voluntarily withdrew from the labor market following his retirement. Although a panel of the Workers' Compensation Board affirmed the WCLJ's decision, the full Board ultimately modified, finding that claimant's retirement was not due to his causally related disability. This appeal by claimant ensued.

We affirm. Whether a claimant's retirement was voluntary is a factual determination to be made by the Board, and such determination, if supported by substantial evidence in the record as a whole, will be upheld—even if the record also contains evidence that would support a contrary finding (*see Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936, 937-938 [2006]). Here, although claimant testified that he retired due to problems with his breathing, stamina and energy and that he verbally advised his employer of this, the retirement letter authored by claimant indicates that he was retiring because "it [was] time to move on to the next phase of [his] life." Similarly, the notations from the exit interview conducted in November 1996 make no mention of any health-related issues. To the contrary, such notes indicate that claimant planned to travel and play golf following his retirement. Additionally, although not determinative (*see Matter of Muno v Consolidated Edison*, 305

AD2d 885, 886 [2003]), claimant was not advised by a doctor to retire. Indeed, it appears that claimant first received such advice in October 1999, nearly three years after his retirement. Under such circumstances, the Board's finding that claimant's retirement was voluntary is supported by substantial evidence and, as such, will not be disturbed. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.