■ In the Matter of the Claim of ELLEN PHILLIPS, Respondent, v PLAINVILLE TURKEY FARMS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 427]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 19, 2005, which, among other things, ruled that Workers' Compensation Law § 25-a was inapplicable to claimant's workers' compensation claim.

In June 1997, claimant sought treatment for pain in her right arm, shoulder and neck and numbness in the fingers of her

right hand. Claimant's condition was diagnosed as calcific tendinitis in her right shoulder, it was causally related to her employment and she underwent surgery to repair her rotator cuff in September 1997. Claimant returned to work in February 1998, and was assigned to duties less physically demanding. The Workers' Compensation Board established the claim for an occupational disease to the right shoulder and claimant was awarded lost time benefits for various periods between June 1997 and February 1998. This determination was modified to include claimant's neck and arm, and awards were made to include claimant's recovery time after a carpal tunnel release was performed in June 1999. The case was closed in October 1999, with the date of disablement established as May 19, 1997.

From October 1999 until December 2002, claimant continued to follow up with physicians, complaining of worsening conditions. During this time, claimant was advised that further surgery would not improve her condition, her partial disability was permanent and she should stop working. Claimant retired in December 2002. In March 2003, claimant was diagnosed with an additional rotator cuff tear and chronic shoulder pain. In May 2004, the employer's workers' compensation carrier notified the Board that the Special Fund for Reopened Cases (hereinafter Fund) was responsible for any further medical payments, pursuant to Workers' Compensation Law § 25-a. In March 2005, a Workers' Compensation Law Judge (hereinafter WCLJ) held that claimant had not voluntarily removed herself from the labor force and that Workers' Compensation Law § 25-a did not apply. The employer now appeals from the Board's affirmance of that decision.

The employer initially contends that claimant voluntarily retired. We disagree. "Retirement is not voluntary if a compensable permanent partial disability was a factor that contributed to a claimant's decision to retire" (*Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936, 937 [2006] [citations omitted]; *see Matter of Price v Hudson Correctional Facility*, 24 AD3d 820, 821 [2005]). Moreover, the issue of whether a retirement was voluntary is a factual determination for the Board, which will be upheld provided it is supported by substantial evidence, even if there was evidence presented that would support a contrary result (*see Matter of O'Dell v Consolidated Edison*, 34 AD3d 1137, 1138 [2006]; *Matter of Bryant v New York City Tr. Auth.*, 31 AD3d at 937-938). Here, the Board's determination that claimant's retirement was not voluntary is supported by substantial evidence in that claimant was advised both in May 2000 and March 2001, by different physicians, that she would

not be able to continue working due to her condition and that she should apply for disability retirement.

The employer also contends that Workers' Compensation Law § 25-a is applicable, making the Fund liable for further compensation. Liability rests with the Fund if a case is reopened more than seven years after the date of injury and three years following the last payment for compensation (*see* Workers' Compensation Law § 25-a [1]). The issue here is whether this case was reopened within seven years of claimant's May 1997 injury. The Board determined that medical reports from 2002 and 2003 constituted a reopening of the case. "A medical report that gives the Board sufficient notice of a change in a claimant's medical condition may be deemed an application to reopen a case" (*Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1099-1100 [2006] [citations omitted]; *see Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]). The medical reports from 2002 and 2003 make reference to such changes in claimant's diagnoses as a new rotator cuff tear and chronic pain syndrome. They note also that claimant's condition had become permanent, further surgery was no longer a viable option and she had to stop working. Under these circumstances, we conclude that substantial evidence supports the Board's determination that this case was reopened within seven years of claimant's 1997 injury and, as such, it will not be disturbed (*see Matter of Davis v Madden Constr. Co.*, 295 AD2d 826, 828 [2002]; *Matter of Dumont v Nestle Co.*, 286 AD2d 804, 805 [2001]).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.