██ In the Matter of the Claim of KAREN APOSPOROS, Respondent, v NYNEX et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 816]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 13, 2006, which ruled that Workers' Compensation Law § 25-a did not apply.

As a result of pain and numbness of various parts of her body which developed during her employment, claimant applied for workers' compensation benefits in May 1996 claiming injury to her neck and both wrists. In February 1997, a compensable injury was established for her left wrist while determinations with regard to other injury sites were held in abeyance. Thereafter, in May 1999, her claim was amended to include her neck and left shoulder, and the Workers' Compensation Law Judge noted that no further action was contemplated at that time. As is pertinent here, claimant submitted a request for further action in March 2006 in order to establish an injury to her right wrist. In light of the time that had elapsed between the dates of claimant's injury and the last payment of benefits and the date of her request to reopen, the employer asserted that the Special Disability Fund was liable pursuant to Workers' Compensation Law § 25-a. A Workers' Compensation Law Judge determined that the Fund was not liable and, finding that there had not been a true closing of the case, the Workers' Compensation Board agreed. The employer now appeals.

The applicability of Workers' Compensation Law § 25-a depends upon whether the case has been officially closed, and the Board's determination of this question of fact will not be disturbed if substantial evidence supports it (*see Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 957-958 [2007]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]). Turning to claimant's case, the record

reveals that the injury to claimant's right wrist was raised in her initial 1996 C-3 claim form, referenced in paperwork submitted by the employer, and consistently documented in medical reports throughout the proceedings. Inasmuch as the issue of injury to claimant's right wrist was raised and remained unresolved, we decline to disturb the Board's determination that the case was not truly closed (*see Matter of Stanford v Lewis County Opportunities*, 33 AD3d 1098, 1099-1100 [2006]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d at 1103).

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.