■ In the Matter of the Claim of Frank Gregorec, Respondent, v Brenners Furniture Company, Inc., et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent. [890 NYS2d 197]—

Stein, J.

Claimant suffered a work-related back injury in February 2000. No award of compensation was directed at that time as claimant did not lose any time from work. Claimant continued to receive symptomatic chiropractic treatment from the date of the injury until November 2000, then had one treatment in

2003 and resumed periodic chiropractic treatments in February 2005.

In September 2005, claimant's chiropractor began filing C-4 reports indicating that claimant's injury may result in permanent restriction or a total or partial loss of function. The chiropractor did not, however, offer a specific opinion on the permanency of claimant's condition. In July 2007, the workers' compensation carrier filed a request for further action, raising the applicability of Workers' Compensation Law § 25-a, which prompted the Workers' Compensation Board to index the case for the first time. Following a hearing, the Workers' Compensation Law Judge determined, among other things, that Workers' Compensation Law § 25-a was inapplicable. On review, the Board affirmed and this appeal ensued.

Pursuant to Workers' Compensation Law § 25-a, liability for compensation shifts to the Special Fund for Reopened Cases when an application to reopen a case is made after a lapse of seven years from the date of the injury and a lapse of three years from the date of the last payment of compensation (see Workers' Compensation Law § 25-a; *Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d 757, 758 [2009]). "A medical report may be deemed an application to reopen if the report gives the Board sufficient notice of a change in a claimant's condition, as opposed to simply indicating continued disability and treatment" (*Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003] [citations omitted]; *see Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1099 [2006]). Nevertheless, such a report "should not be given a strained interpretation, but should only be interpreted as a basis to reopen if that was clearly the doctor's intention" (*Matter of Jones v HSBC*, 304 AD2d at 866; *see Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 354 [1997]). The mere mention of permanency in a medical report, absent an opinion regarding the degree of permanency, is insufficient to act as a request to reopen a case (*see Employer: Granville Cent. School*, 2009 WL 525511, *2, 2009 NY Wrk Comp LEXIS 05472, *4-5 [WCB No. 5010 8014, Feb. 20, 2009]; *Employer: Cayuga Correctional Facility*, 2009 WL 1223561, *2, 2009 NY Wrk Comp LEXIS 08477, *4-5 [WCB No. 6001 2674, Apr. 24, 2009]).

Here, the Board determined that medical reports, submitted in September 2005 and thereafter, served to reopen claimant's case prior to a lapse of seven years since the injury. The medical reports—which included the C-4 reports filed by claimant's treating chiropractor and two independent medical examinations conducted in 2005 on behalf of the carrier—do not refer to

any change in claimant's condition or contain any opinion as to permanency; they merely recommend a continuation of chiropractic care. Under these circumstances, we conclude that such medical reports did not display a clear intention by the reporter to reopen* the case (*see Matter of Hantz v Brightman Agency*, 29 AD3d at 1100; *Matter of Jones v HSBC*, 304 AD2d at 866-867; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d at 354; *Matter of Ammirata v Weidy*, 34 AD2d 717, 718 [1970], *affd* 28 NY2d 564 [1971]; *cf. Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d 1061, 1063 [2007]; *Matter of Davis v Madden Constr. Co.*, 295 AD2d 826, 827 [2002]). Inasmuch as the Board's determination was not supported by substantial evidence, it must be reversed (*see generally Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 873-874 [2008]).

Rose, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

* Although the case was not formally opened until 2007, the medical payments made by the carrier are deemed an informal opening of a claim (*see Matter of Rodriguez v Greenfield Die Casting*, 53 AD3d 728, 730 [2008]) and the case was deemed closed either when claimant returned to work after the injury (in February 2000) or upon the cessation of payment of medical expenses (*see id.*; *see also Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370 [1976]).