█ In the Matter of the Claim of NICHOLAS DAQUINO, Respondent, v EAST MEADOW SCHOOL DISTRICT et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 542]—

Spain, J.P.

Claimant sustained an employment-related knee injury on March 3, 1999. He underwent two surgeries that required that he miss eight months of work and was paid wages by his employer during his absence pursuant to a collective bargaining agreement. In September 2000, claimant's attorney filed a notice of retainer, accompanied by an employee's claim for compensation form indicating that claimant was seeking further benefits from the Workers' Compensation Board. At least five further submissions were filed between 2001 and 2007, one of which included the medical report of claimant's treating

physician, who opined that claimant suffered a 25% schedule loss of use.

The claim was finally assigned an index number by the Board on January 9, 2007. After an initial hearing, a Workers' Compensation Law Judge concluded that liability for the claim had shifted to the Special Fund for Reopened Cases (*see* Workers' Compensation Law § 25-a). The Special Fund then applied for Board review of that determination, contending that claimant's case had been informally opened and closed as a result of the employer's payment of wages to him during the time he missed work, and that claimant's numerous subsequent submissions to the Board constituted requests to reopen his case that precluded the applicability of Workers' Compensation Law § 25-a. The Board affirmed the decision of the Workers' Compensation Law Judge, prompting this appeal by the Special Fund.

We reverse. Claimant's receipt of wages during his absence from work was an "informal" workers' compensation award and his case was "closed" when such payments ceased (*see Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 370 [1976]). Although liability for a claim for workers' compensation benefits generally shifts to the Special Fund when a case is closed and subsequently reopened more than seven years from the date of the injury and three years after the date of the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]; *Matter of Ewing v YMCA*, 57 AD3d 1080, 1081 [2008]), "[t]he provisions of section 25-a . . . shifting liability to the [S]pecial [F]und are inapplicable where a claimant applies to reopen his [or her] case within seven years of an accident" (*Matter of Italiano v Mobil Oil Corp.*, 50 AD2d 638, 639 [1975]; *see Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d 1061, 1063 [2007]). Here, therefore, the Board was required to consider whether claimant's submissions were applications to reopen his case (*see generally Matter of Davis v Madden Constr. Co.*, 295 AD2d 826, 827-828 [2002]; *Matter of Klouse v City of Albany*, 194 AD2d 941, 943 [1993]). In its decision, however, the Board relied exclusively on the date the claim was indexed in concluding that Workers' Compensation Law § 25-a was applicable. Accordingly, we must remit the matter for further findings with respect to whether any of claimant's submissions should be deemed an application to reopen (*see Matter of Foos v Bausch & Lomb*, 181 AD2d 951, 953 [1992]).

Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.