■ In the Matter of the Claim of MARCIA LINZ, Claimant, v MAINE ENDWELL SCHOOL DISTRICT et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [914 NYS2d 345]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 2009, which ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

Claimant suffered from degenerative conditions in her left knee, and sustained a work-related injury to it in 2001. She underwent knee surgery which permitted her to return to work with no restrictions. In 2004, a workers' compensation law judge made a schedule loss of use award, authorized further symptomatic medical treatment and indicated that no further action was planned. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) thereafter applied to shift liability to the Special Fund for Reopened Cases in 2008 (see Workers' Compensation Law § 25-a). The Workers' Compensation Board denied the application, finding that the case had previously been reopened by an August 2007 medical report filed by claimant's treating orthopedist, Daniel Federowicz. The employer now appeals.

We affirm. Liability will only be shifted to the Special Fund if an application to reopen a case occurs "after a lapse of seven years from the date of the injury and a lapse of three years from the date of the last payment of compensation" (*Matter of Gregorec v Brenners Furniture Co., Inc.*, 68 AD3d 1301, 1302 [2009]; *see Matter of Early v New York Tel. Co.*, 57 AD3d 1341, 1343 [2008]). The parties concede that claimant's case was closed in 2004, and the sole issue before us is whether Federowicz's 2007 report was properly construed as an application to reopen. A medical report may constitute an application to reopen if it does not merely indicate continued disability and treatment, but rather places the Board on notice of a change in a claimant's condition (*see Matter of Gregorec v Brenners Furniture Co., Inc.*, 68 AD3d at 1302; *Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d 1061, 1063 [2007]). Here, Federowicz's report indicated that claimant's condition had changed and significantly worsened—it stated that claimant had recently twisted her knee in a way that gave rise to significant pain, that an X ray had revealed progressive osteoarthritis

in the knee, and that Federowicz suspected "a degenerative meniscal tear and extension of meniscal tear" and requested authorization to perform an MRI. Substantial evidence thus supports the Board's determination that the report constituted an application to reopen and that, as such, this case was reopened within seven years of claimant's 2001 injury (*see Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d at 1063; *Matter of Sartwell v Hercules, Inc.*, 262 AD2d 766, 767-768 [1999]; *Matter of Martin v Bausch & Lomb*, 54 AD2d 1002, 1002-1003 [1976]).

Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.