■ In the Matter of the Claim of PATRICIA DONNELLY, Respondent, v ALDEN CENTRAL SCHOOLS et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [921 NYS2d 412]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed March 11, 2010, which ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

Claimant suffered a work-related injury to her right hip, right knee and right leg in February 2001. In May 2006, a Workers' Compensation Law Judge made an 85% schedule loss of use award for claimant's right leg, authorized further medical treatment and care as necessary and indicated that no further action was planned. Subsequently, in a medical report dated May 21, 2009, claimant's treating physician requested authorization for various procedures, including a full knee replacement. In response, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) applied to shift liability to the Special Fund for Reopened Cases. Ultimately, the Workers' Compensation Board denied the application and the employer now appeals.

We affirm. Pursuant to Workers' Compensation Law § 25-a, the Special Fund becomes liable for claims that are reopened more than seven years from the date of the injury and three years from the date of the last payment of compensation (see Matter of Linz v Maine Endwell School Dist., 79 AD3d 1541, 1542 [2010]; Matter of Maguire v United Parcel Serv., 78 AD3d 1345, 1346 [2010]). The parties agree that the case was closed upon the payment of the schedule loss of use in May 2006 and that an official request for knee replacement was not filed with the Board until the expiration of the applicable time limits. Thus, the only question before this Court is whether there was substantial evidence to support the Board's determination that medical reports submitted in January 2009 and February 2009 constituted an application to reopen.

The Board may deem medical reports an application to reopen if the reports give it sufficient notice of a change in a claimant's condition, rather than simply indicating continued disability and treatment (see Matter of Linz v Maine Endwell School Dist., 79 AD3d at 1542; Matter of Gregorec v Brenners Furniture Co., Inc., 68 AD3d 1301, 1302 [2009]). Here, the report submitted in January 2009 related an incident in which claimant's right knee buckled, sending her to the floor, and

stated that she was given an injection to combat her pain and discomfort. The February 2009 report indicated that the January 2009 injection provided little relief, that claimant and her physician discussed the possibility of both partial and total knee replacement and that an MRI was requested for further evaluation. As such, we find that substantial evidence supports the Board's determination that the medical reports constituted an application to reopen within three years of the last payment of compensation (*see Matter of Linz v Maine Endwell School Dist.*, 79 AD3d at 1543; *Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d 1061, 1063 [2007]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.