■ In the Matter of the Claim of JEFFREY HUNT, Claimant, v PRICE CHOPPER/GOLUB CORPORATION, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [926 NYS2d 713]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 22, 2010, which ruled that Workers' Compensation Law § 25-a did not apply.

Claimant, a truck driver for the self-insured employer, injured his back in July 1994 after falling from a truck while in the process of hitching a trailer. An injury was established to claimant's back and he missed work intermittently between the date of the accident and September 1995. When claimant began to miss work again as a result of his injuries in August 2009, the workers' compensation carrier requested that liability be transferred to the Special Fund for Reopened Cases pursuant to Workers'

---

Compensation Law § 25-a. Ultimately, the Workers' Compensation Board found that liability should not be transferred to the Special Fund because the case was never truly closed, prompting this appeal.

We affirm. Whether a case was truly closed for the purposes of Workers' Compensation Law § 25-a is a factual determination to be made by the Board and its decision will not be disturbed if supported by substantial evidence (see Matter of Lynch v Buffalo Bills, Inc., 62 AD3d 1061, 1062 [2009]; Matter of Rodriguez v Greenfield Die Casting, 53 AD3d 728, 730 [2008]). Here, although a claim for an injury to claimant's neck was not originally established, the employer's medical experts indicated as early as 1995 that claimant had suffered a neck injury as the result of the July 1994 accident. Thus, although the Board purported to close the case in April 1997, unresolved issues remained as to the extent of claimant's neck injury. Accordingly, substantial evidence supports the Board's conclusion that the case was never truly closed (see Matter of Aposporos v NYNEX, 46 AD3d 1016, 1017 [2007]; Matter of Washburn v Bob Hooey Constr. Co., 39 AD3d 956, 958 [2007]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.