Devine, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 26, 2013, which ruled that claimant’s case was not truly closed for the purpose of shifting liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
Claimant filed a workers’ compensation claim, which was established for a causally-related occupational disease involving right carpal tunnel syndrome, with a date of disablement in May 2005. Claimant underwent right carpal tunnel release in 2007. A 2010 nerve conduction study revealed possible mild left carpal tunnel syndrome as well. As reflected in a 2011 doctor’s progress report submitted to the Workers’ Compensation Board, claimant’s doctor subsequently diagnosed her with *1093 continued carpal tunnel syndrome in her right hand, and carpal tunnel syndrome in her left hand. Shortly thereafter, the Board found a 10% schedule loss of use of claimant’s right hand, but did not address the diagnosis of carpal tunnel syndrome in her left hand. In September 2012, the employer requested that liability be transferred to the Special Fund for Reopened cases pursuant to Workers’ Compensation Law § 25-a. The Board found that the case was never truly closed and, therefore, denied transfer of liability to the Special Fund. This appeal ensued.
We affirm. Liability shifts “to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation, upon a showing that the case has been truly closed” (Matter of Anticola v Tops Mkts., 117 AD3d 1373, 1374 [2014] [internal quotation marks and citations omitted]). “Whether a case has been ‘truly closed’ for the purposes of Workers’ Compensation Law § 25-a is a factual issue to be resolved by the Board by evaluating if any further proceedings related to the payment of compensation were contemplated at the time that the case was closed” (Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d 987, 988 [2014] [citations omitted]; see Matter of Hunt v Price Chopper/Golub Corp., 85 AD3d 1522, 1523 [2011]). The employer and its third-party administrator argue that liability should have transferred herein; they maintain that the case was truly closed at the time that a 10% schedule loss of use was established for the right hand because the issue of left carpal tunnel syndrome had not yet been raised and, thus, no further action was contemplated. As the Board found, however, the 2011 progress report of claimant’s doctor indicated that claimant had left carpal tunnel syndrome, as well as right, and issues regarding the left hand remained unresolved at the time that the employer sought transfer of liability. Accordingly, the Board’s determination that the case was never truly closed is supported by substantial evidence and the transfer of liability was properly denied (see Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994-995 [2012]; Matter of Hunt v Price Chopper/Golub Corp., 85 AD3d at 1523; Matter of Aposporos v NYNEX, 46 AD3d 1016, 1016-1017 [2007]; cf. Matter of Mucci v New York State Dept. of Corr., 98 AD3d 1223, 1224 [2012]; Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1043 [2011], lv denied 18 NY3d 810 [2012]).
Lahtinen, J.R, Garry and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.