*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                 518683
_____

In the Matter of the Claim of
    DAVID MADIGAN,
                    Respondent,

        v

ARR ELS,
                    Respondent,
        and                              MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                    _____


        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                    _____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 4, 2013, which ruled that claimant's
prescriptions for pain medications should remain undisturbed.

In 1994, claimant suffered a low back injury during the course of his employment as a machinist and was awarded workers' compensation benefits. The workers' compensation carrier was discharged in 2003, and liability transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Claimant had a lumbar laminectomy and discectomy and, due to the poor results of that surgery, he has been on pain medication, including oxycontin, since at least 2007. After the Special Fund's consultant, Ajendra Sohal, concluded that claimant's doses of oxycontin had escalated without functional gains, the Special Fund requested a hearing to address the necessity of claimant's medication usage.

In his February 2013 deposition testimony, Sohal acknowledged that the Workers' Compensation Board had not yet adopted Medical Treatment Guidelines for chronic pain (see generally Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 463 [2014]). A Workers' Compensation Law Judge concluded that the prescribed drugs should be continued and the Special Fund should be liable for their cost until either the Board issued Medical Treatment Guidelines regarding long-term narcotic use or claimant's treating physician recommended that he should be weaned off the pain medication. The Board affirmed, noting that its nonacute pain Medical Treatment Guidelines were still only in draft form, and that continued authorization for claimant's pain medication was consistent with the Board's interim guidance. The Special Fund now appeals.[1]

We affirm. The Special Fund's argument that the Board did not follow the relevant Medical Treatment Guidelines lacks merit. Although those guidelines have since been adopted (12 NYCRR 324.2 [a] [6]), they were not yet in existence at the time that the

---

[1] We note that the Board subsequently amended its original decision. Inasmuch as the original and amended decisions are not materially different and there is no claim of prejudice, we will treat this appeal as having been taken from the amended decision (see Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 n [2013]; cf. Matter of West v Titan Express, Inc., 115 AD3d 1045, 1046 [2014]).

Board issued the decision and amended decision.  Inasmuch as the Board's decision to maintain the status quo until the guidelines became effective was consistent with its interim guidance regarding the appropriate medical care of those who are prescribed narcotic medication, we cannot say that the determination was irrational (see Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 467-468).

Peters, P.J., Garry and Lynch, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court