*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                518900
_____

In the Matter of the Claim of
    DAVID BANK,

                    Respondent,

        v

VILLAGE OF TUCKAHOE et al.,                MEMORANDUM AND ORDER

                    Respondents,

        and

SPECIAL FUND FOR REOPENED
    CASES,

                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 1, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, appellant.

        Stewart Greenblatt Manning & Baez, Syosset (Jacqueline D.
Condon of counsel), for Village of Tuckahoe and another,
respondents.

_____

Lynch, J.

Appeal from a decision of the Workers' Compensation Board, filed December 5, 2013, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

In June 2005, claimaint suffered a work-related injury to his left knee and compensation benefits were paid up to June 20, 2005, when plaintiff returned to work. In April 2012, claimant's physician requested authorization for an MRI. The request was granted and an MRI was performed on April 23, 2012, showing a medial and lateral meniscal tear. On June 26, 2012, the physician requested authorization to perform surgery, which was promptly granted and surgery was performed in late July 2012. Thereafter, the self-insured employer and its third-party administrator raised the issue of shifting liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following a hearing, a Workers' Compensation Law Judge determined that this section did not apply. Upon review, the Workers' Compensation Board reversed and shifted liability, prompting this appeal by the Special Fund.[1]

We reverse. Pursuant to Workers' Compensation Law § 25-a, the Special Fund becomes liable for claims that are reopened more than seven years from the date of the injury and three years after the last payment of compensation (see Matter of Donnelly v Alden Cent. Schools, 83 AD3d 1368, 1368 [2011]). There is no dispute that this case was initially closed as of June 20, 2005. In its amended decision, the Board determined that the case was first reopened in April 2012 when the MRI was requested, but

_____

[1] We recognize that the Board subsequently amended its decision while reaching the same conclusion. Since these decisions are not materially different, the parties have fully briefed the merits as addressed in the amended decision and there is no claim of prejudice, we will treat this appeal as having been taken from the amended decision (see Madigan v ARR ELS, 126 AD3d 1262, 1263 n [2015]; cf. Matter of West v Titan Express, Inc., 115 AD3d 1045, 1046 [2014]).

closed once that application was approved.  Finding that the case was again reopened when surgery was requested on June 26, 2012, the Board determined that the requisite seven-year time period had passed, shifting liability to the Special Fund.

This sequence calls into question whether the case was "truly closed" when the MRI request was approved.[2]  We have previously recognized that a "decision authorizing [an] MRI [does] not constitute a true closing of the case as [the] claimant's future treatment depended upon the results of the MRI and, thus, further action was contemplated although not planned at that time" (Matter of Barker v Buffalo Color Corp., 32 AD3d 1138, 1139 [2006]; see Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d 987, 988 [2014]).  The same holds true here.  As such, we conclude that the Board erred in concluding that the case was closed when the MRI was authorized.  Correspondingly, since the case was reopened when the MRI was requested in April 2012, within the statutory seven-year period, liability does not shift to the Special Fund.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  The Special Fund does not raise any issue in its brief concerning the three-year compensation period.