*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    520210
_____

In the Matter of the Claim of
    GILBERT SAVAGE,
                        Respondent,

        v

AMERICAN HOME CARE SUPPLY, LLC,
    et al.,
                        Appellants,

        and                                    MEMORANDUM AND ORDER

SPECIAL DISABILITY FUND,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   September 10, 2015

Before:   Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Law Office of John Wallace, Buffalo (Christina M. Hassler
of counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Disability Fund,
respondent.

_____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed April 8, 2014, which ruled, among other things, that the
employer's workers' compensation carrier is not entitled to
reimbursement from the Special Disability Fund.

Claimant sustained work-related injuries to his lower back in June 2003 and was awarded workers' compensation benefits. Subsequently, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a claim for reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). In July 2004, the carrier and the Fund entered into a stipulation whereby they agreed that Workers' Compensation Law § 15 (8) (d) applied to the claim unless "total disability develop[ed] solely due to" the June 2003 injury. In 2012, the carrier requested a hearing to resolve the issue of apportionment, citing a September 2005 report of an independent medical examination (hereinafter IME). Following the hearing, a Workers' Compensation Law Judge determined that claimant suffered a permanent total disability from the June 2003 injury and, thus, that the carrier was not entitled to reimbursement. On appeal, the Workers' Compensation Board affirmed. The carrier now appeals,[1] and we affirm.

To receive reimbursement from the Fund pursuant to Workers' Compensation Law § 15 (8) (d), the carrier was required to demonstrate that "claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone" (Matter of Surianello v Consolidated Edison Co. of N.Y., Inc., 123 AD3d 1369, 1369-1371 [2014] [internal quotation marks and citations omitted]; see Matter of Crane v Dalrymple Gravel & Contr. Holding, 117 AD3d 1378, 1378-1379 [2014]). Here, the record establishes that claimant suffered two prior work-related injuries to his lower back — the first in 1975 and the second in

_____

[1] We note that the Board subsequently amended its original decision. Inasmuch as the original and amended decisions are not materially different and there is no claim of prejudice, we will treat this appeal as having been taken from the amended decision (see Matter of Bank v Village of Tuckahoe, 129 AD3d 1243, 1244 n 1 [2015]; Matter of Madigan v ARR ELS, 126 AD3d 1262, 1263 n [2015]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 n [2013]). Since no issue has been raised in the carrier's brief as to the penalties imposed by the Board, such claim has been abandoned.

2001 — both of which he successfully treated.  In fact, claimant testified at the hearing that, at the time of the 2003 injury, he was not working under any restrictions nor had he been working under any restrictions during the past 15 years.  Since the 2003 injury, the record reflects that claimant is unable to work in any capacity.

The 2005 IME report indicated that "at least 80 percent of [claimant's] current disability is due to the [June 2003] injury."  However, as the Board noted, the IME report reveals that, in arriving at his conclusion, the medical examiner did not review any of claimant's medical records related to treatment that occurred prior to the 2003 injury.  Further, the IME report did not indicate whether claimant's prior lower back injuries posed a potential hindrance to his employability.  In light of the foregoing, we find that substantial evidence supports the Board's decision that the carrier failed to establish its entitlement to reimbursement from the Fund and that claimant suffered a permanent total disability as a result of the 2003 injury (see Matter of Surianello v Consolidated Edison Co. of N.Y., Inc., 123 AD3d at 1371; Matter of Conway-Acevedo v Consolidated Edison Co. of N.Y., Inc., 114 AD3d 1016, 1017 [2014]; Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1365 [2013]).  We reject the carrier's contention that the Board erred in finding that the medical examiner's opinion was not credible, notwithstanding the fact that it was the only expert opinion regarding apportionment (see Matter of Richman v NYS Unified Ct. Sys., 91 AD3d 1014, 1015-1016 [2012], lv denied 19 NY3d 811 [2012]; Matter of Aherin v Onondaga, 307 AD2d 393, 394 [2003], lv denied 1 NY3d 501 [2003]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court