# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:    November 5, 2015              518465
_____

In the Matter of the Claim of
   ELENA STRUJAN,
                  Respondent-
                  Appellant,

     v

NEW YORK HOSPITAL et al.,
                  Appellants-
                  Respondents,
      and                                MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
   CASES,
                  Respondent.

WORKERS' COMPENSATION BOARD,
                  Respondent.
_____

Calendar Date:   September 17, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

     Gorman & Rankin, PC, New York City (David Sanua of counsel), for appellants-respondents.

     Elena Strujan, New York City, respondent-appellant pro se.

     Steven M. Licht, Special Funds Conservation Committee, Albany (Jill B. Singer of counsel), for Special Fund for Reopened Cases, respondent.

_____

Rose, J.

Appeals from a decision and an amended decision of the Workers' Compensation Board, filed November 19, 2013 and July 14, 2014, which ruled, among other things, that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a work-related injury in 1997. Her claim for workers' compensation benefits was established, and she received compensation of $360 for just over a week of lost time. She also claimed that she suffered consequential psychiatric and emotional injuries as a result of the work-related incident. This claim was subjected to an extended and detailed review process and ultimately denied in 2010, at which time the Workers' Compensation Board noted that no further action was planned. In 2012, the employer and its third-party administrator (hereinafter collectively referred to as the employer) formally requested a transfer of liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. At a hearing to address the employer's request, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the case had been truly closed and transferred liability for the claim to the Special Fund. The Board then reversed the finding of true closure and found, among other things, that the merits of claimant's continued claims of additional sites of injury and entitlement to further casually-related lost wages remained undetermined. Both the employer and claimant now appeal.

Even where, as here, the requisite time frames have elapsed, Workers' Compensation Law § 25-a operates to shift liability for a claim to the Special Fund only if the case is truly closed (see Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012]; Matter of Aposporos v NYNEX, 46 AD3d 1016, 1016 [2007]; Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]). Whether a case has been truly closed is a factual determination to be made by the Board by evaluating whether any further issues regarding payment of compensation were unresolved at the time the case was closed (see Matter of Hunter v Tops Mkt., Inc., 125 AD3d 1092, 1093 [2015]; Matter of Pankiw v Eastman Kodak Co., 123 AD3d 1388, 1389 [2014]; Matter of Nanni v

Source Corp., 98 AD3d 1225, 1226-1227 [2012]).  "Such a decision of the Board will not be disturbed when supported by substantial evidence" (Matter of Anticola v Tops Mkts., 117 AD3d 1373, 1374 [2014] [citations omitted]; see Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d 987, 988 [2014]; Matter of Hunt v Price Chopper/Golub Corp., 85 AD3d 1522, 1523 [2011]).

     In addition to the various psychological and emotional injuries for which claimant alleged she was entitled to compensation, the record reveals that, as early as 2003, a doctor had opined that claimant suffered from episodic migraines causally related to her work injury.  Claimant also raised the issue of her frequent migraines during a 2009 hearing before the WCLJ.  Despite this, in a 2010 reserved decision that denied her claims for consequential emotional and psychiatric injury, the WCLJ did not address whether claimant had established her migraines as an additional site of injury.  Similarly, the Board's 2010 decision affirming the WCLJ did not discuss claimant's alleged migraines.  At the Workers' Compensation Law § 25-a hearing in 2012, claimant again noted that her migraines were consistently reflected in her medical evaluations and that she continued to suffer from them.  Accordingly, we find the Board's decision that the case was not truly closed to be supported by substantial evidence.

     As for claimant's appeal, the remaining arguments raised in her brief have been previously decided by the Board, and all avenues of appeal regarding them have been exhausted.

     Peters, P.J., McCarthy and Garry, JJ., concur.

ORDERED that the decision and amended decision are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court