*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                521442
_____

In the Matter of the Claim of
    PATRICE GIANSANTE,
                    Respondent,

        v

SENECA CAYUGA ARC et al.,
                    Respondents,
        and                              MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                    Appellant.

WORKERS' COMPENSATION BOARD,

                    Respondent.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

                    _____

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for appellant.

        Hamberger & Weiss, Rochester (Ronald E. Weiss of counsel),
for Seneca Cayuga ARC and others, respondents.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed November 17, 2014, which ruled that liability shifted to
the Special Fund for Reopened Cases pursuant to Workers'
Compensation Law § 25-a.

Claimant sustained a work-related injury to her right ankle in April 2006 and was awarded workers' compensation benefits. In 2007, claimant was found to have a 15% schedule loss of use of the right foot. Claimant's orthopedic surgeon requested authorization for surgery on the ankle in 2011 and the surgery was performed in February 2012. In March 2013, a Workers' Compensation Law Judge (hereinafter WCLJ) found no compensable lost time from the date of surgery to March 27, 2013.

In May 2013, claimant's surgeon reported that claimant had reached maximum medical improvement and concluded that she had a permanent partial disability. By stipulation of the parties, a WCLJ classified claimant as having a 71% permanent partial disability and rescinded the prior schedule loss of use award. The employer's workers' compensation carrier thereafter requested that payment of benefits be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following a hearing, a WCLJ determined that Workers' Compensation Law § 25-a applied and directed that liability be shifted to the Special Fund effective February 9, 2012. Upon review, the Workers' Compensation Board modified, affirming the transfer of liability to the Special Fund, but finding the transfer effective September 4, 2011. The Special Fund now appeals.

We affirm. "Workers' Compensation Law § 25-a provides that liability for a claim shifts to the Special Fund where a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012] [internal quotation marks and citations omitted]; see Matter of Hunter v Tops Mkt., Inc., 125 AD3d 1092, 1093 [2015]). Even in situations such as this, where the statutory time periods have been satisfied, liability will shift only if the case has been truly closed (see Matter of Mucci v New York State Dept. of Corr., 98 AD3d 1223, 1223 [2012]; Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1042 [2011], lv dismissed 18 NY3d 810 [2012]). "Whether a case is truly closed is a factual determination for the Board to resolve based primarily upon whether any further proceedings are contemplated with regard to issues concerning the payment of compensation" (Matter of Hosey v Central N.Y. DDSO, 91

AD3d at 994 [citation omitted]; see Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d 987, 988 [2014]).

Here, the Board determined that the case was truly closed as of the March 2013 decision by the WCLJ. The Special Fund argues that further proceedings were contemplated at the time of that decision regarding the issue of compensable lost time for the time period following claimant's surgery, precluding a finding that the case was truly closed. We disagree. The record reflects that compensation for that time period had previously been held in abeyance. Following a hearing on the issue in March 2013, however, the WCLJ found no compensable lost time for that period.[1] While we note that the WCLJ stated that his finding was made "without prejudice," he made no reference to the submission of further evidence or to any further proceedings being contemplated on this claim and no other action by the Board was contemplated or required at that time (compare Matter of Runge v National Baseball League, 93 AD3d 1015, 1016-1017 [2012]). Accordingly, we find that the Board's decision that the March 2013 determination constituted a true closing of the case is supported by substantial evidence and the transfer of liability to the Special Fund was appropriate (see Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d at 988-989; Matter of Nanni v Source Corp., 98 AD3d 1225, 1227 [2012]; Matter of Rathburn v D'Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294-1295 [2009]).

Peters, P.J., Garry, Rose and Devine, JJ., concur.

----

[1] Claimant was also receiving workers' compensation benefits related to a 2010 claim.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court