*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                522815
_____

In the Matter of the Claim of
    CHRISTOPHER WILLIAMS,
                        Respondent,

        v

GENERAL ELECTRIC et al.,
                        Appellants,        MEMORANDUM AND ORDER
        and

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____

        Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of
counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

                    _____

Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 5, 2015, which ruled, among other things, that
liability did not shift to the Special Fund for Reopened Cases
pursuant to Workers' Compensation Law § 25-a.

In May 2005, claimant sustained a work-related injury to his lower back.  His claim for workers' compensation benefits was established in July 2005; however, because it was determined that his disability was less than seven days, claimant did not have any compensable lost time from work and received no lost wage benefits.  In 2014, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) requested a transfer of liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.  At an ensuing July 2014 hearing to address the employer's request, a Workers' Compensation Law Judge classified claimant as having a permanent partial disability with a 25% loss of wage-earning capacity and found that claimant had no compensable lost time from the date of injury to July 25, 2014.  The Workers' Compensation Law Judge also found that the case had been truly closed and transferred liability for the claim to the Special Fund.  On administrative review, the Workers' Compensation Board reversed, finding that, although there had been true closure at the time that the claim was established and no awards were made, an August 2009 medical report from claimant's chiropractor raised an issue of permanency, which constituted a change in claimant's medical condition and reopened the claim, thereby warranting removal of the Special Fund from notice and reinstatement of the employer's liability for the claim.  The employer now appeals.

Workers' Compensation Law § 25-a provides that "liability for a claim shifts to the Special Fund where a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012] [internal quotation marks, brackets and citations omitted]; see Matter of Aposporos v NYNEX, 46 AD3d 1016, 1016 [2007]; Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]).  "A medical report may be deemed an application to reopen if the report gives the Board sufficient notice of a change in a claimant's condition, as opposed to simply indicating continued disability and treatment" (Matter of Gregorec v Brenners Furniture Co., Inc., 68 AD3d 1301, 1302 [2009] [internal quotation marks and citations omitted]; see Matter of Donnelly v Alden Cent. Schools, 83 AD3d 1368, 1368 [2011]; Matter of Linz v Maine Endwell School

<u>Dist.</u>, 79 AD3d 1541, 1542 [2010]).  Such medical report "should not be given a strained interpretation, but should only be interpreted as a basis to reopen if that was clearly the doctor's intention," and the "mere mention of permanency in a medical report, absent an opinion regarding the degree of permanency, is insufficient to act as a request to reopen a case" (<u>Matter of Gregorec v Brenners Furniture Co., Inc.</u>, 68 AD3d at 1302 [internal quotation marks and citation omitted]; <u>see</u> <u>Matter of Jones v HSBC</u>, 304 AD2d 864, 866 [2003]).  "Such a decision of the Board will not be disturbed when supported by substantial evidence" (<u>Matter of Anticola v Tops Mkts.</u>, 117 AD3d 1373, 1374 [2014] [citations omitted]; <u>see</u> <u>Matter of Porter v New York State Elec. & Gas Corp.</u>, 113 AD3d 987, 988 [2014]; <u>Matter of Hunt v Price Chopper/Golub Corp.</u>, 85 AD3d 1522, 1523 [2011]).

Initially, inasmuch as claimant was not entitled to any lost wage benefits when his claim was established for a work-related injury, we agree with the Board that no further proceedings concerning issues related to the payment of compensation were contemplated at that time, and, therefore, the case was truly closed in August 2005 (<u>see</u> <u>Matter of Reddien v Joseph Davis Inc.</u>, 136 AD3d 1144, 1145 [2016]; <u>Matter of Hosey v Central N.Y. DDSO</u>, 91 AD3d at 994; <u>see also</u> <u>Matter of Giansante v Seneca Cayuga ARC</u>, 137 AD3d 1450, 1451 [2016]).  Nevertheless, the record reflects that claimant continued to receive authorized treatment for lower-back pain with his attending chiropractor, and, following a reexamination of claimant on August 11, 2009, claimant's chiropractor reported for the first time that claimant exhibited a 25% permanent partial disability.  Subsequent examinations revealed no material change in claimant's condition, and the chiropractor continued to report that claimant had a 25% permanent partial disability.  Inasmuch as the August 2009 medical report raised the issue of permanency and the degree of claimant's disability, we find that substantial evidence supports the Board's determination that the August 2009 medical report constituted an application to reopen and that, as such, this case was reopened within seven years of claimant's May 2005 injury (<u>see</u> <u>Matter of Reddien v Joseph Davis Inc.</u>, 136 AD3d at 1145; <u>Matter of Donnelly v Alden Cent. Schools</u>, 83 AD3d at 1368-1369; <u>Matter of Linz v Maine Endwell School Dist.</u>, 79 AD3d at 1542-1543; <u>Matter of Gregorec v Brenners Furniture Co., Inc.</u>, 68 AD3d

at 1302-1303).

Garry, Rose, Devine and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court