Matter of Guillen v Tulley Constr. (2019 NY Slip Op 00945)





Matter of Guillen v Tulley Constr.


2019 NY Slip Op 00945


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

527009

[*1]In the Matter of the Claim of MORRIS GUILLEN, Claimant,
v
TULLEY CONSTRUCTION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Tulley Construction and another, respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 11, 2017, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
In 2005, claimant, a construction worker, filed a claim for workers' compensation benefits after a pipe fell on him at work. The claim initially was established for injuries to claimant's head, neck, back, left shoulder and both knees and, thereafter, for a consequential depressive disorder. In 2007, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant no longer had a causally-related orthopedic disability but nonetheless was totally disabled due to an ongoing psychiatric disability. Upon administrative review, the Workers' Compensation Board found that further development of the record was warranted regarding the psychiatric disability. Following an evaluation, the Board concluded that claimant had no further causally-related psychiatric disability. Throughout this period, various awards were made and/or rescinded as the administrative proceeding unfolded, and the employer's workers' compensation carrier filed multiple C-8.1 forms objecting to claimant's requests for treatment and the bills submitted in connection therewith. In the years that followed, claimant filed multiple requests for further action — alleging various changes in his condition — and the carrier continued to [*2]dispute claimant's requests for treatment. Ultimately, in July 2013, the Board rejected claimant's assertion that there had been a change in his condition and found "no further causally[-]related disability after March 3, 2010."
Despite the Board's ruling, claimant continued his efforts to establish a change in his condition; in response, the employer and the carrier (hereinafter collectively referred to as the carrier) filed a request for further action requesting that the claim be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. At a hearing held in March 2014, the Special Fund took the position that, because of the outstanding C-8.1 forms, there had been no true closure of the case; the carrier adopted a contrary position, noting that there had been multiple Board findings that claimant suffered no further causally-related disability. The WCLJ resolved all C-8.1 forms submitted prior to September 9, 2013 in favor of the carrier and ruled that Workers' Compensation Law § 25-a did not apply.
The carrier and the Special Fund thereafter sought review of the WCLJ's decision. Following the filing of an internally contradictory Board decision, further applications for review and additional proceedings and rulings, the Board ultimately concluded — by decision filed October 11, 2017 — that the case had been truly closed and that liability was transferred to the Special Fund effective October 25, 2013 (the date that the carrier raised such issue), retroactive to October 25, 2011. This appeal ensued.
Initially, we reject the carrier's assertion that this appeal is untimely. Although the Special Funds Conservation Committee (hereinafter SFCC) did not file its notice of appeal on behalf of the Special Fund until December 6, 2017 — nearly two months after the filing of the Board's decision on October 11, 2017 — SFCC was not listed as a recipient of the Board's October 2017 decision and, by all accounts, the Board did not serve SFCC with a copy thereof. To the extent that the carrier asserts that it served SFCC with a copy of the Board's decision by letter dated October 31, 2017, thus triggering the 30-day period within which to file a notice of appeal pursuant to Workers' Compensation Law § 23, the subject letter does not include proof of service or otherwise establish when in fact SFCC was served. Absent such proof, we cannot say that this appeal is untimely (see Matter of Scarpelli v Bevco Trucking Corp., 305 AD2d 892, 893 [2003]; Matter of Buchanon v Adirondack Steel Casting Co., 175 AD2d 971, 971 [1991]).
Turning to the merits, "[l]iability for compensation shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation, upon a showing that the case has been truly closed" (Matter of Anticola v Tops Mkts., 117 AD3d 1373, 1374 [2014] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 25-a [1]; Matter of Reddien v Joseph Davis Inc., 136 AD3d 1144, 1145 [2016]; Matter of Nanni v Source Corp., 98 AD3d 1225, 1226 [2012]). "Whether a case is truly closed is a factual determination for the Board to resolve based primarily upon whether any further proceedings are contemplated with regard to issues concerning the payment of compensation" (Matter of Reddien v Joseph Davis Inc., 136 AD3d at 1145 [internal quotation marks and citations omitted]; see Matter of Strujan v New York Hosp., 133 AD3d 931, 931-932 [2015]; Matter of Mucci v New York State Dept. of Corr., 98 AD3d 1223, 1223-1224 [2012]). The Board's determination in this regard, if supported by substantial evidence, will not be disturbed (see Matter of Kettavong v Livingston County SNF, 128 AD3d 1318, 1319 [2015]; Matter of Anticola v Tops Mkts., 117 AD3d at 1374).
There is no dispute that the statutory time periods set forth in Workers' Compensation Law § 25-a were satisfied; claimant was injured in September 2005 and the last payment of compensation was made in October 2006. Accordingly, the sole issue is whether the Board's finding of a true closure in this matter is supported by substantial evidence. In this regard, "compensation" is defined as "the money allowance payable to an employee or to his [or her] dependents" (Workers' Compensation Law § 2 [6]). As this Court previously has held, such allowance "does not include payments for medical treatment or care" (Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 960 [2007]; see Workers' Compensation Law § 13 [a]; Matter [*3]of Palermo v Primo Coat Corp., 88 AD3d 1042, 1043 [2011], lv dismissed 18 NY3d 810 [2012]). Further, "the payment for continuing medical care does not bar the transfer of liability under Workers' Compensation Law § 25-a" (Matter of Beder v Big Apple Circus, 84 AD3d 1653, 1655 [2011]), and neither the potential liability for future treatment nor the possibility that claimant's condition could deteriorate — resulting in the subsequent reopening of the case — "mean[s] that the matter was not fully closed" (Matter of Mucci v New York State Dept. of Corr., 98 AD3d at 1224 [internal quotation marks and citation omitted]). Here, the Board found that the multiple C-8.1 forms filed by the carrier concerned objections to the payment of medical care, were unrelated to the payment of compensation benefits and, therefore, "[did] not bar a finding that the case was truly closed." We agree. Despite claimant's ongoing medical treatments and the carrier's continuing objections thereto, the record reflects that "no further issues related to the payment of compensation were outstanding at the time the matter was closed" by the Board's July 2013 decision (Matter of Nanni v Source Corp., 98 AD3d at 1227). As the Board's decision on this point is supported by substantial evidence, it will not be disturbed.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.